COST v. UNITED STATES, and three other cases.

Circuit Court of Appeals, Third Circuit. July 2, 1928.

Nos. 3790–3793.

Intoxicating liquors ⊜⇒251—Forfeiture decree will be vacated, as denying claimant opportunity to assert rights under previous petition for return of seized liquor (27 USCA; Admiralty Rule 25 [set out under 28 USCA § 723]).

Where court, in libel by United States to forfeit intoxicating liquors alleged to be possessed and used for barter and sale, in violation of Act Oct. 28, 1919 (27 USCA), rightfully restrained all proceedings for forfeiture until determination of claimant's petition to quash search warrant under which liquor was seized and for return of liquor, but claimant, instead of awaiting determination of such petition, intervened as claimant in forfeiture libel, resulting in a decree of forfeiture on ground that claimant failed to state he was bona fide owner of res, as required by admiralty rule 25 (set out under 28 USCA § 723), held, that decree will be vacated as denying claimant opportunity to assert his right under original petition to return of liquor.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Separate libels by the United States against Edward Cost, claimant of 646 cases of whisky, etc., William White, claimant of 646 cases of whisky, etc., H. W. Rodgers, claimant of 646 cases of whisky, etc., and Felix Arnould, claimant of 24 50-gallon barrels of alcohol, etc. From decrees of forfeiture, claimants appeal. Decrees vacated, and remanded, with instructions.

Frederic M. P. Pearse and Daniel W. Applegate, both of Newark, N. J., for plaintiffs in error.

James W. McCarthy, U. S. Atty., of Jersey City, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case it is alleged that on March 29, 1927, 646 cases of whisky and 4 barrels of malt found in a house on the New Jersey coast occupied by Edward Cost were seized under a search warrant. These liquors became subject to the court's orders in the following manner: On that day application was made for a search warrant, based on an affidavit which alleged, on information and belief, that "Edward Cost possesses cases of whisky and

other merchandise, subject to duty or imported contrary to law, in violation of Tariff Act 1922 [42 Stat. 858], of the United States of America; that the premises upon which said cases of whisky and other merchandise are possessed or stored is located at 102 Washington road, Sayreville, New Jersey." The search warrant was issued and executed, with the return, "Served by making search as within directed, upon which search I found 646 cases of whisky, 4 barrels of malt in cellar."

On April 7, 1927, Cost presented a petition praying the search warrant be quashed, and that "in the meantime all proceedings which may be brought or are pending against the said Edward Cost be stayed until the further order of this court," and that "the right be reserved to the petitioner, Edward Cost, to petition for the return of the property seized under the alleged search warrant in this case." While this proceeding was pending, and without leave of court, the United States attorney on April 11th filed a libel to forfeit said property, which libel is the subject-matter before this court.

It will here be noted that in such libel the United States was alleged to be in possession of the goods, but without stating how such possession was obtained; that said goods had been fraudulently imported into the United States, whereby they had become forfeited; and that the same were possessed and used for barter and sale, in violation of the Act of Congress of October 28, 1919 (27 USCA), allegations which, untraversed, warranted, in the absence of defense, a decree of forfeiture. In the proceeding to suppress the search warrant the court on April 25th held the search was illegal, suppressed the evidence obtained thereby, and ordered that "until further order of this court * * * the United States attorney" and others "are hereby restrained from destroying or disposing of in any manner the property seized under the alleged warrant in this cause." And on May 9th the court in the libel or second proceeding ordered that "all further proceedings for the forfeiture of the goods and merchandise mentioned in said libel be restrained until the matter shall have been heard and determined by the court and in the meantime all officers, agents, and employees of the United States are restrained from in anywise disposing of said goods and merchandise."

As we read this order, the court then, and we think rightfully, restrained "all further proceedings for the forfeiture of the goods," etc., until the petition of Cost of April 7th was determined. Had that course been followed, Cost and his proofs, if he desired to make proofs, could have been heard in due course, and whatever his rights were, or whatever the court's duty was, with reference to the liquor held by its direction, could have been determined in his pending petition for return.

Instead of following the course so outlined, Cost on May 16th filed a petition to intervene as a claimant in the forfeiture libel, and filed an answer and motion to quash, at the same time challenging the jurisdiction of the court, and again prayed for the return of the liquor to him. Following this the United States attorney on December 7th filed exceptions to Cost's answer on the ground, inter alia, that "the said claim fails to state that the claimant is the true and bona fide owner of the res, as required by general admiralty rule 25 [set out under 28 USCA § 723]"; and, second, "because the claim fails to state that it is made on behalf of a person who is the true and bona fide owner of the res, as required by general admiralty rule 25." This contention was sustained by the court, and the decree of forfeiture entered, from which Cost took this appeal.

Assuming, for present purposes, the court was right in applying in a forfeiture libel rule 25, as it did, a question which we do not decide, or deem necessary to do, the practical effect of the procedure followed was to deny Cost an opportunity to assert under the original petition his right, if such he has, to a return of the liquor. We will therefore vacate the decree entered in the libel case below, and remit the record, with instructions to proceed in due course on the petition of Cost for the surrender to him of the liquors seized under the search warrant, and now under the court's control, and to make such order as the proofs and facts warrant.

The same course will be followed in White, Claimant, No. 3791; Rodgers, Claimant, No. 3792; and Arnould, Claimant, No. 3793.